THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. LUIS VÉLEZ GUZMÁN, Defendant and Appellant.

No. 12528.   Argued November 14, 1947.—Decided January 28, 1948.

104

*Wilfrido Roberts* for appellant. *Luis Negrón Fernández, Attorney General, J. Rivera Barreras, Prosecuting Attorney,* and *Alberto Picó Santiago, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Appellant was sentenced by the lower court to serve three months in jail for the crime of aggravated assault and battery. Feeling aggrieved by this judgment he appealed and charges the trial court with having committed seven errors.

The first, fifth and sixth assignments of error refer, in different ways, to the weighing of the evidence. In brief, the evidence for the prosecution tended to show that on the night of February 22, 1945, on the road to El Yunque, while the defendant was playing dice with other persons, Dr. Francisco Franceschi Caballero arrived at the place and upon being assaulted by one of them he fell unconscious to the ground where defendant struck him with his feet; that next day Dr. Franceschi was examined by Dr. Luis F. González, who declared that the wounds presented by Dr. Franceschi "in the superior region and in the inferior maxilla caused his state of semiconsciousness and should be considered as serious."

The evidence for the defendant tended to show that while he was playing dice with other persons, Dr. Franceschi arrived at the place, intoxicated, and fired two shots with his revolver in the direction of the game, that then Eugenio Vélez struck Dr. Franceschi on the back with a can of condensed milk and that the doctor fell forward to the ground; that no one else hit the doctor after he had fallen.

As may be seen, the evidence was contradictory and that for the prosecution, which was believed by the lower court, is sufficient to support the conclusion that the defendant assaulted and injured Dr. Franceschi. However, is it sufficient to consider it as an aggravated assault?

█ The answer to this question involves the consideration of the third error assigned. Before deciding it, it is advisable to state that the complaint in this case included not only appellant herein but also Eugenio Vélez. It was alleged therein that both assaulted and injured Dr. Franceschi, "the former by striking him on the back of the head with a can full of condensed milk—, causing a severe contusion which threw him down to the ground unconscious and the latter (Luis Vélez Guzmán)"—appellant herein—"by striking him with his fists and feet causing several contusions in different parts of the body." It was further alleged in the complaint that "the aggravating circumstance in this case consists in that the wounds are of a serious character because they were inflicted with a blunt weapon and with the premeditated intent of inflicting great bodily injury."

Citing more fully from the testimony of Dr. González, the latter described the wounds inflicted on Dr. Franceschi as follows:

"He had an edema in the upper lip, a wound and hematoma in the left lower maxilla with a possible fracture, an acute contusion of the nasal cartilage; edema in both eyes with ecchymosis, contusions in the arms, in the forehead and in the anterior surface of both legs and a severe contusion in the upper region."

In relation to these two wounds—of the superior region and of the lower maxilla—the physician testified that they were the cause of the semiconscious state of Dr. Franceschi which should be considered serious. The witness further declared that a person may fracture his jaw in falling down.

The expert witness did not regard the wounds in themselves as serious but he regarded the state of semiconsciousness, a consequence of the wounds, as serious. The complaint set up the circumstance described in subdivision 9 of § 6 of the Act of May 10, 1904, which provides that an assault and battery becomes aggravated "when committed with pre-

meditated design and by the use of means calculated to inflict great bodily injury.''

It appears from the evidence herein that Eugenio Vélez, codefendant, was acquitted in the municipal court. This was possibly due to the fact that said court believed that the co-defendant acted in self defense or that it was not proved that it was he who assaulted Dr. Franceschi with the can of milk. Independently of this fact, appellant herein is charged with having assaulted Dr. Franceschi with his feet, causing contusions in different parts of his body and the evidence for the prosecution tended to show that this assault was committed while Dr. Franceschi was lying unconscious on the ground, which fact was denied by the defendant.

We are not convinced that the evidence in this case is sufficient to support the conclusion that the assault and battery committed by appellant with his feet under the attendant circumstances, was of a serious character. None of the wounds received by the doctor was of a serious character except for the fact that two of them produced the semi-conscious state of the doctor. However, the expert witness testified that Dr. Franceschi could have fractured his jaw in falling forward and it is obvious that some of the other wounds which he presented might have been caused likewise. Accepting that it was proved that appellant assaulted and injured Dr. Franceschi with his feet, we are of the opinion, that the facts do not justify the presumption that appellant acted with a premeditated design of inflicting the great bodily injuries required by the act and consequently that the third error assigned was committed.

The second assignment charges that the court permitted Dr. Franceschi to testify for the second time after both parties had rested their cases.

It is true that the district attorney, after the close of defendant's evidence, again called Dr. Franceschi to the witness stand. He stated that it was in order to explain

certain points of his testimony and defendant's attorney replied that "if it is for rebuttal we have no objection." Notwithstanding this, Dr. Franceschi testified, without any objection on the part of the defendant, as to other facts which he had not mentioned in his original testimony, but realizing this, the lower court stated that the defendant could present evidence on these facts. The defendant did so and he cannot now, on appeal, complain for the first time of the action of the lower court.

The other errors lack any merit. For the reasons stated the judgment is modified in the sense of reducing the degree of the offense to simple assault and battery and imposing on appellant a fine of $50 or one day in jail for each dollar left unpaid. As modified it is affirmed.